[Cite as *State v. Brodie*, 2022-Ohio-1794.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA )

STATE OF OHIO

    Appellee

v.

RAEMAR M. BRODIE

    Appellant

C.A. No. 21CA0048-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No. 19CR0102

DECISION AND JOURNAL ENTRY

Dated: May 31, 2022

CARR, Judge.

{¶1} Defendant-Appellant Raemar M. Brodie appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} On January 17, 2019, around 3 p.m., a deputy with the Medina County Sheriff's Office conducted a traffic stop on the vehicle Brodie was driving. The vehicle had expired plates and Brodie was discovered to have a suspended license. A search of the vehicle revealed, inter alia, a gray bag containing a black scale and three bags, each containing a white substance, as well as what was suspected to be marijuana.

{¶3} On January 24, 2019, an indictment was filed charging Brodie with one count of possession of cocaine, a felony of the fifth degree. In March 2019, a supplemental indictment was filed charging Brodie with an additional count of possession of cocaine, a felony of the first degree.

{¶4}    Ultimately, in June 2021, the matter proceeded to a bench trial.  The trial court found Brodie guilty of the charges and sentenced him accordingly.  Brodie has appealed, raising two assignments of error.  As he has addressed them together in his brief, so shall we.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT'S JUDGMENT OF GUILTY IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT'S JUDGMENT OF GUILTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶5}    Brodie argues in his assignments of error that his first-degree felony conviction for possession of cocaine is based upon insufficient evidence and is against the manifest weight of the evidence.  Specifically, he argues that the evidence does not support that State's exhibit three, the largest of the three bags, contained cocaine.  Brodie does not appear to challenge his fifth-degree felony conviction for possession of cocaine.

{¶6}    When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

**{¶7}** Whereas,

> [i]n determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

**{¶8}** "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340. "[W]e are mindful that the [trier of fact] is free to believe all, part, or none of the testimony of each witness." (Internal quotations and citations omitted.) *State v. Gannon*, 9th Dist. Medina No. 19CA0053-M, 2020-Ohio-3075, ¶ 20. "This Court will not overturn a conviction on a manifest weight challenge only because the [trier of fact] found the testimony of certain witnesses to be credible." *Id*.

**{¶9}** Brodie was found guilty of violating R.C. 2925.11(A),(C)(4)(f). R.C. 2925.11(A) states that "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." "If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine." R.C. 2925.11(C)(4). "If the amount of the drug involved equals or exceeds one hundred grams of cocaine, possession of cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term a maximum first degree felony mandatory prison term." R.C. 2925.11(C)(4)(f).

{¶10} The trial testimony revealed that three bags each containing a white substance were recovered from Brodie's vehicle. One weighed 1.23 grams, one weighed 14.89 grams, and one weighed 133.31 grams. Initial testing by police revealed only a positive test on the 1.23 gram bag. As to the largest bag, Brodie told police that there was nothing illegal in that bag. Police responded that the substance in the largest bag may be "cut[.]" Brodie agreed that it was "cut[.]" "[C]ut" was described as a substance that is added to cocaine to essentially dilute it so that there is more to sell.

{¶11} The bags were then sent to the Ohio Bureau of Criminal Investigation ("BCI"). Lydia Lee, a forensic scientist with BCI, examined and performed testing on the substances in the bags. State's exhibits 1 and 2 represented the smaller two bags. As to State's exhibits 1 and 2, she first performed a cobalt thiocyanate test, which is a presumptive color change test for the presence of cocaine. The results were positive. She then performed two confirmatory tests: a Fourier transform infrared spectroscopy test and a gas chromatograph mass spectrometer test. Those results indicated that cocaine was present in both State's exhibits 1 and 2. Those findings are not challenged on appeal.

{¶12} As to State's exhibit 3, the bag containing over 100 grams, the testing was more complicated. Because the initial cobalt thiocyanate test was not positive, Ms. Lee also performed another color change test to test for the presence of a narcotic or opiate. That test was also negative. While the testimony concerning the number of tests performed is somewhat confusing, it is clear that ultimately there were two positive confirmatory tests for the presence of cocaine using a gas chromatograph mass spectrometer. Ms. Lee did initially obtain some inconclusive results, which she indicated were due to the substance being a mixture containing sugars. To address this problem, she performed an extraction to help separate out the sugars. In the end, the gas

chromatograph mass spectrometer testing produced two confirmatory results for the presence of cocaine. Thus, Ms. Lee concluded that cocaine was found in State's exhibit 3 as well.

{¶13} A cell phone was also recovered. An extraction was performed on the phone and certain text messages sent January 17, 2019 between that phone and another number were admitted into evidence. Those messages reflect a request for, presumably, Brodie to bring someone else "coke and weed[.]"

{¶14} The defense also called a forensic scientist, Larry Dehus, who independently tested the substance in the three bags. Mr. Dehus testified that State's exhibit 1 and 2 tested positive for cocaine using the cobalt thiocyanate test and State's exhibit 3 was negative. He then performed thin-layer chromatography testing. The results were the same. Thus, it was Mr. Dehus's conclusion that only State's exhibit 1 and 2 contained cocaine.

{¶15} Mr. Dehus opined that Ms. Lee's positive result for State's exhibit 3 might have been a false positive due to contamination. He speculated that perhaps Ms. Lee did not run a blank in between samples.

{¶16} Ms. Lee was recalled to the stand to discuss Mr. Dehus's findings. Ms. Lee opined that the testing Mr. Dehus performed was only preliminary and was not sufficient to confirm the presence or absence of cocaine. Ms. Lee then described the procedures she utilized to avoid contamination. Ms. Lee explained that BCI runs a blank prior to every sample.

{¶17} After reviewing the record, we conclude that the State presented sufficient evidence that State's exhibit 3, weighing over 100 grams, contained cocaine. Ms. Lee's findings and report support that State's exhibit three contained cocaine and that the weight of the substance was over 100 grams. *See* R.C. 2925.11(C)(4)(f). While it is true that Ms. Lee opined that State's exhibit 3 was a mixture containing cocaine, the Supreme Court has held that "the entire 'compound, mixture,

preparation, or substance,' including any fillers that are part of the usable drug, must be considered for the purpose of determining the appropriate penalty for cocaine possession under R.C. 2925.11(C)(4)." *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, ¶ 3. In so doing, the Supreme Court vacated its prior decision on the issue. *See id*. Accordingly, there was sufficient evidence presented to support a conviction under R.C. 2925.11(C)(4)(f). While Brodie argues that only the portion that is actually cocaine should be considered in determining the weight, the Supreme Court has rejected his argument, *see id.*, and we are bound by that decision.

{¶18} Further, this Court concludes that the guilty verdict is not against the manifest weight of the evidence. While Mr. Dehus did testify that State's exhibit 3 did not contain cocaine and asserted that the State's results could represent a false positive, Ms. Lee asserted that Mr. Dehus's testing was not adequate to be confirmatory of the presence or absence of cocaine. She additionally explained the procedures utilized to avoid contamination. "This Court has consistently held that the trier of fact is in the best position to evaluate the credibility of witnesses and resolve factual disputes." (Internal quotations and citations omitted.) *State v. Straughan*, 9th Dist. Summit No. 29549, 2021-Ohio-1054, ¶ 34. We cannot say that the trial court was unreasonable in its credibility determinations. Brodie has not demonstrated that the trier of fact lost its way in finding him guilty.

{¶19} Brodie's assignments of error are overruled.

III.

{¶20} Brodie's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

–––––

7

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

DAVID C. SHELDON, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.