[Cite as *State v. Brodie*, 2023-Ohio-3744.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 23CA0005-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAEMAR M. BRODIE | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 19CR0102 |

DECISION AND JOURNAL ENTRY

Dated: October 16, 2023

CARR, Presiding Judge.

{¶1} Appellant, Raemar Brodie, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} On January 24, 2019, the Medina County Grand Jury indicted Brodie on one count of possession of cocaine, a felony of the fifth degree. Several months later, on March 6, 2020, the grand jury issued a supplemental indictment charging Brodie with an additional count of possession of cocaine, a felony of the first degree. The matter proceeded to a bench trial where Brodie was found guilty on both counts. The trial court sentenced Brodie to an aggregate prison term of 11 to 16 and a half years.

{¶3} Brodie filed a direct appeal. This Court rejected Brodie's challenges to the sufficiency and weight of the evidence and affirmed the trial court's judgment. *State v. Brodie*, 9th Dist. Medina No. 21CA0048-M, 2022-Ohio-1794, ¶ 17-18.

**{¶4}** On August 15, 2022, Brodie filed a petition for post-conviction relief wherein he set forth a number of ineffective assistance claims. The trial court dismissed the petition without a hearing on the basis that Brodie had failed to identify substantive ground for relief because all of his claims were barred by res judicata.[1]

**{¶5}** Brodie filed a notice of appeal from the trial court's journal entry dismissing his petition. Now before this Court, Brodie raises one assignment of error.

II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT APPLIED RES JUDICATA TO MR. BRODIE'S TIMELY POST-CONVICTION RELIEF PETITION[], DISMISSING THE [PETITION] WITHOUT A HEARING.

**{¶6}** In his sole assignment of error, Brodie contends that the trial court erred by dismissing his petition without a hearing on the basis that all of his claims were barred under the doctrine of res judicata. This Court disagrees.

### Background

**{¶7}** In support of his petition for post-conviction relief, Brodie argued that trial counsel rendered ineffective assistance by failing to raise a number of arguments before the trial court. Specifically, Brodie argued that trial counsel should have challenged the constitutionality of Ohio's post-release control statute on the basis that it violates the basic right to liberty as well as the right against self-incrimination. Brodie further argued that trial counsel should have raised

---

[1] In its December 12, 2022 journal entry dismissing Brodie's petition, the trial court noted that Brodie had filed a motion to reopen his direct appeal that remained pending in this Court. On January 20, 2023, this Court issued a journal entry granting Brodie's motion to reopen. In the reopened appeal, the State conceded error and this Court reversed and remanded the trial court's judgment solely for resentencing.

challenges on the basis that the statute under which he was charged was unconstitutionally vague and, further, that his sentence was contrary to law.

{¶8}    In its December 12, 2022 journal entry, the trial court set forth findings of fact and conclusions of law in support of its order dismissing the petition.  The trial court noted that Brodie was not represented by the same attorney at trial and on appeal.  The trial court found that "[e]ach of the claims set forth by Brodie in the petition are barred by res judicata because they can be meaningfully reviewed without resorting to evidence outside the record."

**Discussion**

{¶9}    On appeal, Brodie contends that the claims that he raised in support of his petition were not confined to the trial court record.  To that end, Brodie suggests that the trial court failed to set forth an adequate explanation as to why res judicata applied to his claims.  Brodie further contends that because the State never filed a response to his petition, the trial court overreached by sua sponte dismissing the claim on the basis of res judicata.

{¶10}  R.C. 2953.21(A)(2)(a) provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal.  In this case, the transcripts for the direct appeal were filed on September 2, 2021.  Brodie filed his petition for post-conviction relief within the 365-day window on August 15, 2022.

{¶11}  Even if a petition is timely filed, the petitioner "is not automatically entitled to a hearing." *State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999).  When considering a timely-field petition, the trial court must decide if a hearing is warranted by determining whether there are substantive grounds for relief with reference to "the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner[.]" R.C. 2953.21(D).  A trial court may dismiss a petition for post-conviction relief that

"does not allege facts which, if proved, would entitle the prisoner to relief[ ]" or a petition whose allegations are negated by the supporting evidence and the record. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraphs two and three of the syllabus. *See also Calhoun* at paragraph two of the syllabus; *State v. Lester*, 41 Ohio St.2d 51 (1975), paragraph two of the syllabus.

{¶12} "One basis for summary dismissal of a petition is the doctrine of res judicata. If the trial court finds, on the facts of a case, that a petitioner's claim was fully litigated at trial or upon appeal, or that the claim could have been fully litigated in an appeal, the court can summarily dismiss the claim as barred by res judicata." *Lester* at 55. "[A] court reviewing a postconviction-relief petition generally may not decide a claim that could have been presented at trial and raised on direct appeal." *State v. Blanton*, 171 Ohio St.3d 19, 2022-Ohio-3985, ¶ 2, citing *Perry* at 180. Significantly, however, the Ohio Supreme Court has noted that "[t]here's a twist when it comes to claims of ineffective assistance of counsel." *Blanton* at ¶ 2.

> We have held that res judicata does not bar a postconviction ineffective-assistance-of-counsel claim when either (1) the petitioner had the same attorney at trial and on appeal or (2) he must rely on evidence outside the trial record to establish his claim for relief. The converse is that when the petitioner had a new attorney on appeal and the claim could have been litigated based on the trial record, res judicata applies and the postconviction claim is barred.

(Internal citations omitted.) *Id*.

{¶13} Under the circumstances of this case, the trial court did not err in dismissing Brodie's petition on the basis that his ineffective assistance claims were barred under the doctrine of res judicata. The trial court addressed each of Brodie's ineffective assistance claims in its journal entry dismissing his petition. Brodie's claims were predicated on the notion that trial counsel should have raised constitutional challenges to a number of statutory provisions as well as Brodie's underlying sentence. All of these issues could have been raised either at trial or on direct appeal. Brodie has not identified any evidence outside the record in support of his claims. *See*

*Blanton* at ¶ 2. Furthermore, this case does not involve a scenario where Brodie was represented by the same attorney both at trial and on appeal. *Id.* It follows that Brodie's challenge to the trial court's dismissal of his petition is without merit.

**{¶14}** Brodie's assignment of error is overruled.

III.

**{¶15}** Brodie's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

RAEMAR M. BRODIE, pro se, Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.