[Cite as *State v. Brodie*, 2023-Ohio-3743.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 21CA0048-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAEMAR M. BRODIE | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 19CR0102 |

DECISION AND JOURNAL ENTRY

Dated: October 16, 2023

CARR, Presiding Judge.

{¶1} Raemar Brodie moved to reopen his appeal from his convictions in the Medina County Court of Common Pleas. This Court granted his application, and this matter is now before us for decision. For the reasons that follow, we vacate our prior judgment but incorporate the actual decision that was released into this decision. The trial court's judgment is affirmed as to the issues raised in his direct appeal, but reversed to the extent that this matter must be remanded for resentencing.

I.

{¶2} Law enforcement discovered drugs in a vehicle driven by Brodie during a traffic stop that occurred on January 17, 2019. Brodie was initially indicted on one count of possession of cocaine, a felony of the fifth degree. A supplemental indictment was filed thereafter charging Brodie with one count of first-degree felony possession of cocaine. The matter proceeded to a bench trial where Brodie was found guilty on both counts. The trial court imposed a 12-month

prison term on the fifth-degree felony count of possession of cocaine. With respect to the count charged in the supplemental indictment, the trial court imposed an indefinite prison term of a minimum of 11 years and a maximum of sixteen and a half years. The trial court further ordered that the sentences were to be served concurrently.

{¶3} Brodie filed a direct appeal and challenged the sufficiency and weight of the evidence in relation to his first-degree felony conviction for possession of cocaine. *State v. Brodie*, 9th Dist. Medina No. 21CA0048-M, 2022-Ohio-1794, ¶ 5. This Court overruled Brodie's assignments of error and affirmed the trial court's judgment. *Id*. at ¶ 20.

{¶4} On August 4, 2022, Brodie filed an application to reopen his appeal pursuant to App.R. 26(B). Shortly thereafter, Brodie successfully moved to withdraw one of his proposed assignments of error and substitute it with a different one. In support of his application, Brodie argued, among other things, that because his offenses took place prior to the effective date of the amendments to R.C. 2929.14(A), he was not subject to an indefinite prison term but was nonetheless sentenced to one, and therefore, appellate counsel was ineffective in failing to raise the issue on appeal. This Court granted the application to reopen. *See State v. Brodie*, 9th Dist. Medina No. 21CA0048-M (Jan. 20, 2023).[1] Under App.R. 26(B)(7), if an application to reopen is granted, the case shall proceed as on an initial appeal. The parties, however, "shall address in their briefs the claim that representation by prior appellate counsel was deficient and that the applicant was prejudiced by that deficiency." *Id*. If this Court "finds that the performance of appellate

---

[1] In granting Brodie's application, this Court determined that there were genuine issues as to whether Brodie received ineffective assistance of counsel on appeal in regard to (1) appellate counsel's failure to raise trial counsel's withdrawal of a motion to suppress and (2) appellate counsel's failure to argue that Brodie's sentence was contrary to law.

counsel was deficient and the applicant was prejudiced by that deficiency * * * [it] shall vacate its prior judgment * * *." App.R. 26(B)(9).

{¶5} In his reopened appeal, Brodie has set forth one assignment of error and, pursuant to App.R. 26(B)(7), has addressed the claim that his prior appellate counsel rendered ineffective assistance.

II.

## ASSIGNMENT OF ERROR

MR. BRODIE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING HIS APPEAL AS GUARANTEED BY SECTION 10, ARTICLE 1, OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

{¶6} In his sole assignment of error, Brodie contends that he was prejudiced in his direct appeal when initial appellate counsel failed to challenge the legality of his sentence. Specifically, Brodie asserts that initial appellate counsel overlooked the fact that the trial court imposed an indefinite sentence that was contrary to law. We agree and the State has conceded error.

{¶7} In order to prevail on a claim of ineffective assistance of counsel, Brodie must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland* at 686. Thus, a two-prong test is necessary to examine such claims. First, Brodie must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. *State v. Keith*, 79 Ohio St.3d 514, 534 (1997), citing *Strickland* at 687. Second,

Brodie must demonstrate that but for counsel's errors, there is a reasonable probability that the results of the [proceeding] would have been different. *Keith* at 534.

{¶8} "In 2018, the Ohio General Assembly passed S.B. 201, which modified Ohio's 'truth-in-sentencing' scheme that had been in place since July 1996 by adopting an indefinite sentencing scheme for certain serious felonies committed in Ohio. This bill, commonly referred to as the Reagan Tokes Law, went into effect on March 22, 2019." *State v. Eaton*, 6th Dist. Lucas No. L-21-1121, 2022-Ohio-2432, ¶ 12. The passage of the Reagan Tokes Law resulted in the amendment of numerous sentencing statutes in Ohio. *Id*. R.C. 2929.14(A) now provides, in pertinent part, as follows:

> * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a prison term that shall be one of the following:
>
> (1)(a) For a felony of the first degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division.
>
> (b) For a felony of the first degree committed prior to March 22, 2019, the prison term shall be a definite prison term of three, four, five, six, seven, eight, nine, ten, or eleven years.

{¶9} Brodie's assignment of error concerns the sentence imposed for his conviction for first-degree felony possession of cocaine, which was charged in the supplemental indictment. This offense was committed on January 17, 2019, prior to March 22, 2019. Instead of imposing a definite prison sentence pursuant to R.C. 2929.14(A)(1)(b), the trial court imposed an indefinite

prison sentence of 11 to 16 and a half years. Because Brodie's sentence was contrary to law, this Court is compelled to sustain his assignment of error. The State has conceded error in this regard.

{¶10} We further note that, near the end of his brief, Brodie suggests that appellate counsel failed to order a transcript and undertake an adequate review of a pretrial hearing where trial counsel withdrew a number of motions. Although Brodie generally asserts that he was prejudiced, he has not explained how the result in this case would have been different but for counsel's performance. *See Keith*, 79 Ohio St.3d at 534. As Brodie has not set forth an argument in this regard, we decline to create one for him. *See* App.R. 16(A)(7).

{¶11} Brodie's assignment of error is sustained to the extent that this matter must be remanded for resentencing.

### III.

{¶12} Brodie's sole assignment of error is sustained. This Court's prior decision is vacated pursuant to App.R. 26(B)(9). The judgment of the Medina County Court of Common Pleas is reversed solely as to Brodie's sentence and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT


STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

YU MI KIM-REYNOLDS, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.