[Cite as *State v. Fuller*, 2023-Ohio-4837.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 22CA0053-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TYRESE FULLER | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 21CR1059 |

DECISION AND JOURNAL ENTRY

Dated: December 29, 2023

SUTTON, Presiding Judge.

{¶1} Defendant-Appellant Tyrese Fuller appeals his judgment of conviction from the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} On January 5, 2022, an indictment was filed against Mr. Fuller, wherein the Medina County Grand Jury indicted him on six counts: (1) attempted murder in violation of R.C. 2903.02(A), R.C. 2903.02(D)/R.C. 2929.02(B), a felony of the first degree, with a firearm specification in violation of R.C. 2941.145(A); (2) felonious assault in violation of R.C. 2903.11(A)(2) and (D)(1)(a), a felony of the second degree with a firearm specification in violation of R.C. 2941.145(A); (3) failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a felony of the third degree; (4) theft, in violation of R.C. 2913.02(A)(1) and (B)(5), a felony of the fourth degree; (5) breaking and entering, in violation of R.C. 2911.13(B)(C), a felony of the fifth degree; (6) receiving stolen property, in violation of R.C.

2913.51(A)(C), a felony of the fifth degree. On May 11, 2022, a supplemental indictment was filed, adding a seventh count against Mr. Fuller for having weapons under disability, in violation of R.C. 2923.13(A)(2)(B), a felony of the third degree.

{¶3} The charges stemmed from a series of incidents occurring on or about October 6, 2021, in the same neighborhood in the City of Medina, where Mr. Fuller and an accomplice, S.G., went from house to house breaking into vehicles and stealing property. Much of the evening's events were captured on doorbell camera footage from homes in the neighborhood. At one point, C.S., a resident of the neighborhood, spotted one of the pair in a vehicle in her driveway. She woke her father, V.S., to alert him to the vehicle break-in, and V.S. exited the house to tell the individual to stop. The pair of intruders split up as they left V.S.'s yard, and V.S. gave chase to one of the pair, later identified as Mr. Fuller. After V.S. followed Mr. Fuller for a short distance, he shouted at Mr. Fuller that the police had been called. Mr. Fuller stopped, fumbled in his pockets, and then raised his arm and fired one shot at V.S., missing him. V.S. quickly retreated to his home and waited for the police to arrive.

{¶4} After the confrontation with V.S., Mr. Fuller and S.G. broke into several other vehicles, and then stole a vehicle from the home of E.G. However, moments later, while E.G. was outside of her home speaking with a police officer about the stolen vehicle, she spotted her stolen vehicle driving down the street. She alerted the police officer at her home, who was quickly able to alert other officers in the area, and the stolen vehicle was located by patrolling officers. After the officers attempted to make a traffic stop, Mr. Fuller tried to flee, but officers pursued the stolen vehicle. The pursuit ended when Mr. Fuller jumped from the driver's seat of the stolen vehicle and attempted to run from the police officers chasing him. The stolen vehicle then crashed through an electrical box and the garage of a home, totaling the vehicle and severely damaging the garage.

Mr. Fuller was apprehended and arrested at the scene. When the officers apprehended Mr. Fuller, the officers found a gun on the ground underneath him.

{¶5} The case proceeded to trial, and after hearing the testimony and evidence presented, the jury returned a verdict of guilty on all seven charges.

{¶6} Mr. Fuller timely appealed and assigns three errors for our review. The State of Ohio did not file a brief in response.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT THE CHARGES LEVIED AGAINST MR. FULLER.**

{¶7} In his first assignment of error, Mr. Fuller argues the jury erred in finding him guilty of attempted murder and felonious assault because the State presented insufficient evidence to obtain a conviction on those charges. For the reasons that follow, we disagree.

Sufficiency of the Evidence

{¶8} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it

allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶9} Mr. Fuller does not challenge the sufficiency of the evidence as to his convictions for theft, breaking and entering, receiving stolen property, having weapons under a disability, or failure to comply with an order or signal of a police officer. Accordingly, we will limit our analysis to Mr. Fuller's challenge to the sufficiency of the evidence of the attempted murder and felonious assault convictions.

Attempted Murder

{¶10} R.C. 2903.02(A) prohibits purposely causing the death of another. "A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A). Thus, in this case, to sustain a conviction for attempted murder, the State was required to present sufficient evidence that Mr. Fuller "had the specific intention, or purpose, to kill [V.S.]" or to engage in conduct of such nature. *State v. Widner*, 69 Ohio St.2d 267, 269 (1982). "Proof of intent is often derived from circumstantial evidence, as direct evidence will seldom be available." *State v. Sibley*, 9th Dist. Lorain No. 16CA010908, 2017-Ohio-7015, ¶ 21.

{¶11} Intent to kill "may be deduced from all the surrounding circumstances, including the instrument used to produce death, its tendency to destroy life if designed for that purpose, and the manner of inflicting a fatal wound." *State v. Stallings*, 89 Ohio St.3d 280, 290 (2000), citing *State v. Robinson*, 161 Ohio St. 213 (1954), paragraph five of the syllabus; and *State v. Eley*, 77 Ohio St.3d 174, 180 (1996). Ohio courts have long held that "a firearm is an inherently dangerous

instrumentality, the use of which is reasonably likely to produce death." *Widner* at 270, citing *State v. Lockett*, 49 Ohio St.2d 48 (1976), paragraphs three and four of the syllabus.

{¶12} Here, Mr. Fuller argues the State "not only failed to identify Mr. Fuller [as the person whom] fired the gun, but failed to prove whether a gun was used during the incident." With respect to the identity of the shooter, "[t]he identity of a perpetrator must be proved by the State beyond a reasonable doubt, and it may be proved by direct or circumstantial evidence, which do not differ with respect to probative value." *State v. Ammons*, 9th Dist. Lorain No. 20CA011605, 2022-Ohio-1902, ¶ 17, citing *State v. Tyler*, 9th Dist. Summit No. 29225, 2019-Ohio-4661, ¶ 31. The State presented the testimony of V.S., who described observing two individuals in his yard. While it was dark out, V.S.'s descriptions of the two individuals matched the appearance of Mr. Fuller and S.G. V.S. testified that he followed the individual matching Mr. Fuller's description, and he saw the individual reach into his pocket and then raise his arm. Then V.S. heard a gunshot. Additionally, with respect to whether a gun was used during the incident, the State presented the testimony of three other witnesses, in addition to V.S., who testified to hearing a gunshot. Both V.S.'s daughter and another neighbor testified to hearing a gunshot. Even S.G., Mr. Fuller's accomplice, testified to hearing a gunshot. E.G. also testified that she smelled gun smoke in the air when she exited her home that evening. Additionally, when Mr. Fuller was arrested, he was found with a gun underneath him, and that gun had Mr. Fuller's DNA on the trigger.

{¶13} Thus, the State presented sufficient evidence establishing the identity of Mr. Fuller as the shooter, and the State presented sufficient evidence to establish that Mr. Fuller used a gun to fire one shot at V.S.

Felonious Assault

{¶14} Mr. Fuller was also convicted of one count of felonious assault. R.C. 2903.11(A)(1) prohibits knowingly causing serious physical harm to another. "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). "Serious physical harm to persons includes any physical harm that carries a substantial risk of death; involves permanent incapacity or disfigurement or temporary substantial incapacity or disfigurement; or that involves 'acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.'" *State v. Robinson*, 9th Dist. Summit No. 29689, 2021-Ohio-1053, ¶ 22, quoting *State v. Flynn*, 9th Dist. Medina No. 06CA0096-M, 2007-Ohio-6210, ¶ 21, quoting R.C. 2901.01(A)(5). R.C. 2903.11(A)(2) prohibits knowingly causing or attempting to cause physical harm to another by means of a deadly weapon. "Physical harm to persons" includes "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). A "deadly weapon" is "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon[,]" R.C. 2923.11(A). *See also* R.C. 2923.11(B)(1) (a firearm is a deadly weapon.).

{¶15} As stated above, the State presented the testimony of V.S., who testified that an individual matching Mr. Fuller's description pointed a gun in his direction and fired one shot. Several witnesses testified to hearing the gunshot. As a gun is a deadly weapon within the meaning of R.C. 2923.11(A), the State presented sufficient evidence to establish that Mr. Fuller attempted to cause harm to V.S. by means of a deadly weapon.

{¶16} Mr. Fuller argues that there is a lack of evidence that he possessed the gun because the gunshot residue test came back negative. However, "Ohio law does not require forensic evidence to sustain a conviction." *State v. Jones*, 8th Dist. Cuyahoga No. 108894, 2020-Ohio-4915, ¶ 39. "This court has long held that circumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Heinish*, 50 Ohio St.3d 231, 238 (1990).

{¶17} Mr. Fuller's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**MR. FULLER'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE CONSTITUTION (CLAUSE XIV, SECTION 1, UNITED STATES CONSTITUTION).**

{¶18} In his second assignment of error, Mr. Fuller argues his convictions for attempted murder and felonious assault were against the manifest weight of the evidence. For the reasons that follow, we disagree.

### Manifest Weight

{¶19} A conviction that is supported by sufficient evidence may still be found to be against the manifest weight of the evidence. *Thompkins*, 78 Ohio St.3d at 387. In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶20} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and

disagrees with the fact[-]finder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340. "[W]e are mindful that the [trier of fact] is free to believe all, part, or none of the testimony of each witness." (Internal quotations and citations omitted.) *State v. Gannon*, 9th Dist. Medina No. 19CA0053-M, 2020-Ohio-3075, ¶ 20. "This Court will not overturn a conviction on a manifest weight challenge only because the [trier of fact] found the testimony of certain witnesses to be credible." *Id.*

{¶21} Mr. Fuller's arguments are essentially a reiteration of his arguments that his convictions were based on insufficient evidence. This Court has reviewed the entire record and cannot say that Mr. Fuller has demonstrated this is an exceptional case that warrants reversal. The jury, as factfinder, determined the credibility of the witness' testimony and evidence in reaching their verdict. Therefore, the jury did not clearly lose its way and create such a manifest miscarriage of justice that Mr. Fuller's conviction must be reversed and a new trial ordered. *See Otten* at 340; *State v. Beauford*, 9th Dist. Summit No. 30545, 2023-Ohio-3782, ¶ 47. As discussed above, there was substantial evidence, both direct and circumstantial, implicating Mr. Fuller in these crimes.

{¶22} Mr. Fuller's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED AS A MATTER OF LAW BY ALLOWING THE STATE TO INTRODUCE IMPERMISSIBLE OTHER ACTS EVIDENCE PURSUANT TO EVID.R. 404(B).**

{¶23} In his third assignment of error, Mr. Fuller argues the trial court erred in allowing the State to introduce impermissible other acts evidence pursuant to Evid.R. 404(B). For the reasons that follow, we disagree.

## Standard of Review

{¶24} "The admission of such [other-acts] evidence lies within the broad discretion of the trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that created material prejudice." (Alteration in original). *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 14, quoting *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 66. "Abuse of discretion" has been described as including a ruling that lacks a "sound reasoning process." *Morris* at ¶ 14, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). "A review under the abuse-of-discretion standard is a deferential review." *Id*. "It is not sufficient for an appellate court to determine that a trial court abused its discretion simply because the appellate court might not have reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by the countervailing arguments." *Id*.

## Other Acts Evidence

{¶25} Mr. Fuller argues on appeal that the trial court erred by allowing into evidence the fact that Mr. Fuller was a suspect in a shooting that occurred in Cleveland, Ohio during the testimony of Cleveland Police Detective Scott Sistek. "Evidence that an accused committed a crime other than the one for which he is on trial is not admissible when its sole purpose is to show the accused's propensity or inclination to commit crime or that he acted in conformity with bad character." *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, ¶ 15. However, certain exceptions exist in the law, and "[e]vidence of other crimes, wrongs, or acts of an accused tending to show the plan with which an act is done may be admissible for other purposes, such as those listed in Evid.R. 404(B)-to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" *Id*. at ¶ 19.

**{¶26}** Here, the record indicates that after discussion between the trial court, the prosecutor, and defense counsel, the trial court allowed the State to offer testimony of Detective Sistek for the limited purpose of establishing possession of the gun, noting:

COURT: All we are focusing on is the gun, that Mr. Fuller has denied any knowledge of this gun. He has denied possession of this gun. * * * [H]e denied it on the video. He denied it when he was laying on it. He denied it to the detective who testified as to denial. His denial of the possession and knowledge of that gun is at issue in the case.

Additionally, after taking the stand, Detective Sistek gave the following testimony:

[PROSECUTOR]: Can you state your full name and spell your last name for the record?

[DETECTIVE]: Scott Sistek, last name S-i-s-t-e-k.

[PROSECUTOR]: What do you do for a living, sir?

[DETECTIVE]: I'm a detective for the Cleveland Division of Police.

[PROSECUTOR]: How long have you been doing that?

[DETECTIVE]: 14 years.

[PROSECUTOR]: All right.

[DETECTIVE]: Three years as a detective.

[PROSECUTOR]: Okay. Are you a duly sworn peace officer in the State of Ohio?

[DETECTIVE]: Yes.

[PROSECUTOR]: All right. Can you describe your duties and training to carry out those duties for the jury?

[DETECTIVE]: Well, currently I'm assigned to the Second District Vice Unit of Cleveland Police. Usually we - - it's drugs and prostitution right at this time but training, I've been on patrol for over 11 years.

[PROSECUTOR]: Okay. As a detective, did you investigate a shooting that occurred on West 45th in Cleveland on or about August the 23rd, 2021?

[DETECTIVE]: Yes, sir.

[PROSECUTOR]: Did you have an eyewitness?

[DETECTIVE]: Yes, sir.

[PROSECUTOR]: Did you review a video?

[DETECTIVE]: Yes.

[PROSECUTOR]: Did you develop a suspect?

[DETECTIVE]: Yes.

[PROSECUTOR]: Who was that suspect?

[DEFENSE COUNSEL]: Objection

THE COURT: Overruled.

[DETECTIVE]: It was Tyrese Fuller.

[PROSECUTOR]: And was the gun that was used in that case able to be identified?

[DETECTIVE]: We had a confirmed NIBIN hit. It's National Integrated Ballistic Information Network.

[PROSECUTOR]: Did you collect shell casings from the shooting that you said you investigated?

[DETECTIVE]: A detective from SIU collected the shell casings, two casings from our incident.

[PROSECUTOR]: And is that what NIBIN relates to?

[DETECTIVE]: Yes

[PROSECUTOR]: Nothing further

THE COURT: Okay. On behalf of the Defendant?

[DEFENSE COUNSEL]:       No questions.

**{¶27}** Here, Detective Sistek did not testify that Mr. Fuller had been convicted of the Cleveland shooting, or that Mr. Fuller committed the Cleveland shooting, but rather merely that he had developed Mr. Fuller as a suspect in that shooting.  The detective did not "indicate that [the] defendant had a prior record or had committed similar acts in the past[,]" and therefore, the evidence was not admitted in violation of Evid.R. 404(B).  *See State v. Harris*, 10th Dist. Franklin No. 04AP-612, 2005-Ohio-4676, ¶ 25. Additionally, on appeal, Mr. Fuller has only challenged the testimony of Detective Sistek; he has not challenged any other testimony as it relates to any other possible other acts evidence.  Therefore, we cannot say the trial court abused its discretion in the admission of the testimony of Detective Sistek, as the testimony did not constitute the admission of other acts evidence in violation of Evid.R. 404(B).

**{¶28}** Mr. Fuller's third assignment of error is overruled.

### III.

**{¶29}** Mr. Fuller's assignments of error are overruled.  The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, for Appellee.