[Cite as *State v. Gannon*, 2020-Ohio-3075.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 19CA0053-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRIAN E. GANNON | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 19CR0328 |

DECISION AND JOURNAL ENTRY

Dated: May 26, 2020

CARR, Presiding Judge.

{¶1}  Appellant, Brian Gannon, appeals the judgment of the Medina County Court of Common Pleas.  This Court affirms.

I.

{¶2}  This matter arises out of a traffic stop of a vehicle driven by Gannon on the evening of March 16, 2009.  The officers who responded to the scene had reason to believe that the car was stolen.  When the officers attempted to remove Gannon from the vehicle, a struggle ensued.

{¶3}  On April 3, 2019, the Medina County Grand Jury returned an indictment charging Gannon with one count of obstructing official business in violation of R.C. 2921.31(A)/(B), a felony of the fifth degree.  Gannon pleaded not guilty to the charges at arraignment.

{¶4}  The matter proceeded to a jury trial where Gannon was found guilty of the sole count of obstructing official business.  The jury made an additional finding that Gannon created a

risk of physical harm in the commission of the offense. The trial court imposed a 180-day term of incarceration. Gannon received credit for 95 days served.

{¶5} On appeal, Gannon raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT [OF THE EVIDENCE] AND [THE] SUFFICIENCY OF THE EVIDENCE.

{¶6} In his first assignment of error, Gannon contends that his conviction for obstructing official business is not supported by sufficient evidence and is against the manifest weight of the evidence. This Court disagrees.

{¶7} Gannon was convicted of obstructing official business in violation of R.C. 2921.31(A), which states, "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." "Whoever violates this section is guilty of obstructing official business." R.C. 2921.31(B). "If a violation of this section creates a risk of physical harm to any person, obstructing official business is a felony of the fifth degree." *Id*.

Sufficiency of the Evidence

{¶8} In support of his sufficiency challenge, Gannon contends that the State presented no evidence demonstrating that his actions prevented, obstructed, or delayed the performance of the police officers' official duties. Gannon maintains that it was actually the officers who caused the delay in this case. Gannon further argues that there was no evidence that he increased the risk of physical harm to any person.

{¶9}   When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction.  *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus.

{¶10}   At trial, the State presented evidence supporting the following narrative.  Shortly before midnight on March 16, 2019, Officer Brenenstuhl of the Medina Township Police was on patrol when he noticed Gannon's vehicle pulling out of a gas station.  When Officer Brenenstuhl ran the license plate, the LEADS database indicated that the vehicle driven by Gannon was reported stolen.  As Gannon turned southbound from State Route 18 onto Interstate 71, Officer Brenenstuhl initiated a traffic stop on the entrance ramp.

{¶11}   Officer Brenenstuhl waited for backup.  As backup began to arrive, the officers drew their weapons because a stop involving a stolen vehicle is considered high risk.  Officer Brenenstuhl explained that the protocol under the circumstances is to have the driver exit the vehicle and come to the officers instead of the officers approaching the vehicle.  Officer Brenenstuhl ordered Gannon to place his keys on the roof and exit the vehicle with his hands up.  Gannon threw his keys out the window but he refused to exit the vehicle.  Multiple officers shouted orders for Gannon to exit the vehicle.  Gannon responded by repeatedly sticking his hand out the window and raising his middle finger.  Gannon also shouted expletives at the officers.  Officers

from the Medina Township Police Department, the Montville Police Department, and the Medina County Sheriff's Office responded to the scene.

{¶12} Officer Gibbons of the Montville Police Department arrived at the scene with his suspect apprehension K-9, Blek. When Officer Gibbons observed the vehicle and was told that it was reported stolen, he realized that he had just received a "BOLO" for that vehicle, meaning "be on the lookout[.]" The BOLO stated that the vehicle was taken by "force or robbery" and that Gannon was wanted for felony domestic violence in a neighboring county.

{¶13} Gannon's repeated gesturing and refusal to exit the vehicle caused the officers to alter their tactics. The officers remained unsure whether Gannon was armed. Officer Gibbons warned Gannon that if a K-9 was deployed, Gannon would be bitten. Gannon told the officer to "f*** [them]selves[.]" Officer Gibbons ordered Blek to charge the vehicle in an attempt to draw Gannon out. Somewhat confused by the orders, Blek jumped at the side of the vehicle but Gannon remained inside.

{¶14} Gannon refused a final command to exit the vehicle. The officers approached the vehicle with the aid of a protective shield. Officer Gibbons reached through the window to open the door. When Officer Gibbons opened the door, Blek engaged Gannon and bit his left hip and thigh. Officer Gibbons attempted to pull Gannon out of the vehicle by his left arm. Gannon resisted and clutched the steering wheel with his right arm. Officer Gibbons explained that he "yanked pretty hard" with two hands but Gannon would not budge. Officer Gibbons began to pull Gannon by his hair to overcome the fact that Gannon's right hand was "locked to the steering wheel." The officers were ultimately able to forcibly remove Gannon from the vehicle and place him on the ground. Several officers were involved in placing Gannon in handcuffs. Sergeant Schmoll of the Medina County Sheriff's Office placed his knee on Gannon's shoulder to prevent

him from getting up. Blek engaged again at that time. Sergeant Schmoll explained that Gannon "wasn't necessarily actively resisting but he wasn't complying either." During his testimony, Officer Gibbons acknowledged a notation in his report that Gannon attempted to push Officer Gibbons' hand away during the struggle, though Officer Gibbons could not specifically recall that fact at trial. Sergeant Schmoll administered first aid to Gannon's bite wounds at the scene.

{¶15} The aforementioned evidence, when construed in the light most favorable to the State, was sufficient to sustain Gannon's conviction for obstruction of official business. This Court has held that "[a]n affirmative act is required in order to support a finding that an individual was guilty of obstructing official business." *State v. Harris*, 9th Dist. Summit No. 27639, 2015-Ohio-5378, ¶ 7, quoting *North Ridgeville v. Reichbaum*, 112 Ohio App.3d 79, 84 (9th Dist.1996). While Gannon suggests that the officers were responsible for the delay, the evidence showed that Gannon created the delay by repeatedly refusing the officers' commands while making obscene gestures and shouting expletives. Most significantly, Gannon physically resisted Officer Gibbons' attempt to pull him out of the vehicle by clutching the steering wheel. *See generally State v. Williams*, 9th Dist. Summit No. 23176, 2007-Ohio-622, ¶ 28 (concluding that a defendant obstructed official business by pulling away from officers as they attempted to remove him from a vehicle). Moreover, while Gannon contends that he took no action to increase the risk of physical harm, we are mindful that the statute is satisfied when a defendant increases the risk of physical harm to any person, including himself. *See State v. Gordan*, 9th Dist. Summit No. 28331, 2017-Ohio-7147, ¶ 23-24; *see also State v. Vargas*, 8th Dist. Cuyahoga No. 97377, 2012-Ohio-2768, ¶ 16. Here, Gannon was specifically warned that continued refusal of the officers' commands would result in the deployment of a K-9 that would bite him. Gannon persisted in his refusal to exit the vehicle,

increasing the risk of danger for both himself and the officers. Gannon ultimately suffered dog bites during the incident.

{¶16} It follows that Gannon's sufficiency challenge is without merit.

<u>Weight of the Evidence</u>

{¶17} Gannon's manifest weight challenge mirrors his sufficiency challenge. Gannon suggests that the delay in this case was caused by police measures that were largely unwarranted because any fear that he was armed and dangerous was unsubstantiated. Gannon contends that he merely sat in his vehicle while his hands remained visible and it was the officers who escalated the situation.

{¶18} A conviction that is supported by sufficient evidence may still be found to be against the manifest weight of the evidence. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997); *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 12.

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶19} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340.

{¶20} Gannon's manifest weight challenge is without merit. The weight of the evidence does not support the narrative that Gannon merely sat in his vehicle with his hands visible and showed a willingness to comply with lawful orders. The State presented evidence that police asked Gannon to step out of his vehicle pursuant to an established protocol. After Gannon initially responded to commands by repeatedly raising his middle finger and shouting expletives, police determined that it was necessary to approach with the aid of a shield and a suspect apprehension K-9, and a struggle ensued thereafter. To the extent that Gannon disputes the testimony of the officers at trial, we are mindful that "the jury is free to believe all, part, or none of the testimony of each witness." (Internal quotations and citations omitted.) *State v. Darr*, 9th Dist. Medina No. 17CA0006-M, 2018-Ohio-2548, ¶ 32. This Court will not overturn a conviction on a manifest weight challenge only because the jury found the testimony of certain witnesses to be credible. *See State v. Crowe*, 9th Dist. Medina No. 04CA0098-M, 2005-Ohio-4082, ¶ 22. Under these circumstances, Gannon has not demonstrated that this is the exceptional case where the jury clearly lost its way. *Otten* at 340.

{¶21} Gannon's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

APPELLANT, BRIAN GANNON, WAS DENIED HIS RIGHT TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE.

{¶22} In his second assignment of error, Gannon contends that trial counsel rendered ineffective assistance. This Court disagrees.

{¶23} In order to prevail on a claim of ineffective assistance of counsel, Gannon must show that "counsel's performance fell below an objective standard of reasonableness and that

prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland* at 686. Thus, a two-prong test is necessary to examine such claims. First, Gannon must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. *State v. Keith*, 79 Ohio St.3d 514, 534 (1997), citing *Strickland* at 687. Second, Gannon must demonstrate that but for counsel's errors, there is a reasonable probability that the results of the trial would have been different. *Keith* at 534. This Court need not address both prongs of the *Strickland* test if the appellant fails to satisfy either prong. *State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10.

{¶24} Gannon contends that trial counsel rendered ineffective assistance in a number of ways, including repeatedly failing to make timely objections, mismanaging discovery, and mismanaging witnesses. Gannon further asserts that trial counsel characterized Gannon in a prejudicial manner on several occasions throughout trial, perhaps most notably when trial counsel asked an officer if he was operating with the mindset that Gannon was "armed and dangerous[.]"

{¶25} Gannon's ineffective assistance argument is without merit. As an initial matter, Gannon points to a number of issues that would fall under the purview of debatable trial tactics, which do not give rise to a claim of ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980). More significantly, Gannon has not demonstrated that the result of trial would have been different but for trial counsel's performance. The State presented evidence that Gannon physically resisted Officer Gibbons' attempts to remove him from the vehicle. This physical struggle occurred after Gannon defiantly refused the officers' commands to exit the vehicle,

prompting law enforcement to approach the vehicle with a protective shield and a suspect apprehension K-9. Gannon has not argued that the officers' actions in this regard were unlawful. There was ample evidence supporting this core narrative advanced by the State. As Gannon has not demonstrated that there is a reasonable probability that the result of trial would have been different but for trial counsel's alleged errors, he cannot prevail on his assignment of error. *See Ray* at ¶ 10.

{¶26} Gannon's second assignment of error is overruled.

### III.

{¶27} Gannon's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

> DONNA J. CARR
> FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JOCELYN STEFANCIN and KIMBERLY STOUT-SHERRER, Attorneys at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.