[Cite as *State v. Foster*, 2023-Ohio-3515.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | | C.A. No.     22CA0055-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARYBETH FOSTER | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.     21CR0817 |

DECISION AND JOURNAL ENTRY

Dated: September 29, 2023

SUTTON, Presiding Judge.

{¶1}     Defendant-Appellant Marybeth Foster appeals the judgment of the Medina County Court of Common Pleas.  For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2}     This appeal arises from an incident involving Ms. Foster and J.R., who had a tumultuous dating history.  On September 28, 2021, J.R. called the City of Wadsworth Police Department, at approximately 12:30 a.m., to report Ms. Foster had broken into his residence.  J.R. was not home at the time of the break-in, however he returned home to find Ms. Foster's motorcycle parked outside the residence.  Patrolman Nathan Ball questioned Ms. Foster regarding J.R.'s allegations and discovered she had taken a golden ashtray, belonging to J.R., from the residence.  Ms. Foster indicated she no longer lived at the residence, but gained entry with a key. Ms. Foster did not produce the key, nor could the police locate the key on the grounds outside the

residence. Ms. Foster claimed she was at J.R.'s residence to look for her cat and retrieve her leather jacket. As indicated by Patrolman Ball, Ms. Foster previously entered J.R.'s residence through a broken window on "at least two other occasions." Ms. Foster also did not produce any evidence J.R. gave her permission to be at the residence, in his absence, on the date in question. Additionally, Ms. Foster admitted the golden ashtray did not belong to her, and she did not have permission to remove it from J.R.'s residence.

{¶3} The Medina County Grand Jury indicted Ms. Foster on one count of burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree. Ms. Foster pleaded not guilty and waived her right to a jury trial. Subsequent to a bench trial, the trial court found Ms. Foster guilty on the charged offense. Ms. Foster was sentenced to a prison term of 9 months, with credit for 65-days served.

{¶4} Ms. Foster now appeals raising two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT THE CHARGES LEVIED AGAINST [MS.] FOSTER.**

{¶5} In her first assignment of error, Ms. Foster argues her conviction for burglary is not supported by sufficient evidence. Specifically, Ms. Foster argues the State failed to prove Ms. Foster trespassed on J.R.'s property.

{¶6} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a

conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶7}     Pursuant to R.C. 2911.12:

(A) No person, by force, stealth, or deception, shall do any of the following:

(3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense.

An individual who violates R.C. 2911.12(A)(3) is guilty of burglary. Further, pursuant to R.C. 2911.21:

(A) No person, without privilege to do so, shall do any of the following:

(1) Knowingly enter or remain on the land or premises of another[.]

An individual who violates R.C. 2911.21(A)(1) is guilty of criminal trespass.  Lastly, pursuant to R.C. 2913.02:

 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to give consent[.]

An individual who violates R.C. 2913.02(A)(1) is guilty of theft.

{¶8}     Here, Ms. Foster admitted she no longer lived at J.R.'s residence, and was currently living in her car outside a friend's house.  J.R. testified Ms. Foster no longer lived at his residence and did not have a key.  On the date in question, J.R. called 911 to report an active burglary.

Additionally, J.R. testified he locked the door when he left the residence, and Ms. Foster did not have permission to go inside the residence in his absence. Ms. Foster also admitted the golden ashtray did not belong to her, and she did not have permission to take the golden ashtray from J.R.'s residence.

{¶9} Viewing this evidence in a light most favorable to the State, this Court determines a trier of fact could reasonably conclude beyond a reasonable doubt that Ms. Foster trespassed on J.R.'s property and committed theft. As such, Ms. Foster's conviction for burglary is based upon sufficient evidence.

{¶10} Accordingly, Mr. Foster's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**[MS.] FOSTER['S] CONVICTION[] [WAS] AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE CONSTITUTION (CLAUSE XIV, SECTION 1, UNITED STATES CONSTITUTION).**

{¶11} In her second assignment of error, Ms. Foster argues her conviction for burglary was against the manifest weight of the evidence. Specifically, Ms. Foster argues J.R.'s testimony lacked credibility because J.R. lied to the police "multiple times" during the pendency of the case, and signed an affidavit wherein J.R. admitted to lying about the break-in.

{¶12} As this Court has previously stated:

[i]n determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the

appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

{¶13} Moreover, an appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340. "[W]e are mindful that the [trier of fact] is free to believe all, part, or none of the testimony of each witness." (Internal quotations and citations omitted.) *State v. Gannon*, 9th Dist. Medina No. 19CA0053-M, 2020-Ohio-3075, ¶ 20. "This Court will not overturn a conviction on a manifest weight challenge only because the [trier of fact] found the testimony of certain witnesses to be credible." *Id.*

{¶14} Here, the trial court heard Ms. Foster's and J.R.'s versions of the events leading up to Ms. Foster's arrest for burglary. Further, the trial court heard the testimony of the Wadsworth police officers, which included body camera footage of Ms. Foster's admissions on the date in question. The trial court also heard testimony that J.R., through an affidavit, claimed he had "called the cops and told them [Ms. Foster] broke in[,]" but that he "lied to get back at [Ms. Foster] for something else."

{¶15} Based upon the foregoing, this is not an exceptional case that warrants reversal. The trial court, as fact-finder, determined the credibility of the witness' testimony and evidence in reaching its verdict. Therefore, the trial court did not clearly lose its way and create such a manifest miscarriage of justice that Ms. Foster's conviction must be reversed and a new trial ordered.

{¶16} Accordingly, Ms. Foster's second assignment of error is overruled.

III.

{¶17} For the foregoing reasons, Ms. Foster's two assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

———

BETTY SUTTON
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
DISSENTING.

{¶18} I respectfully dissent from the judgment of the majority as I would conclude that Ms. Foster's conviction is against the manifest weight of the evidence because J.R. was not a credible witness.

{¶19} J.R. and Ms. Foster had a tumultuous relationship marked by multiple breakups and calls to the police, by both parties, related to fighting and domestic violence during the times they were living together. With respect to the incident at issue, the record discloses that J.R. lied multiple times to police. In fact, there was evidence that Ms. Foster was set up by J.R.; J.R. either called or texted Ms. Foster indicating she could come and pick up her leather jacket. When Ms. Foster did so, J.R. first told the police that the jacket was his and Ms. Foster had stolen it. J.R. later admitted to police that he lied about the jacket and acknowledged that it did belong to Ms. Foster. J.R. then told police that he wanted Ms. Foster to go to jail.

{¶20} After Ms. Foster was arrested and charged, J.R. signed an affidavit indicating he lied to police about Ms. Foster breaking in. At the time of trial, the two had broken up again, and J.R. testified that he lied in the affidavit in order to help Ms. Foster.

{¶21} Thus, the weight of the evidence does not support Ms. Foster's conviction. Given the myriad of lies told by J.R., there can be no confidence in the finding of guilt.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.