[Cite as *State v. Shook*, 2023-Ohio-4819.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 23CA011950 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SCOTT SHOOK | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 20CR103618 |

DECISION AND JOURNAL ENTRY

Dated: December 29, 2023

SUTTON, Presiding Judge.

**{¶1}** Defendant-Appellant Scott Shook appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

**{¶2}** Mr. Shook was indicted by a Lorain County grand jury on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(b), a felony of the second degree; one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2), a felony of the third degree; one count of operating a vessel or device under the influence of alcohol or prohibited drugs in violation of R.C. 1547.11(A)(1), and one count of reckless operation of a vessel or device in violation of R.C. 1547.07(A), a misdemeanor of the third degree.

**{¶3}** The charges related to a boat crash that occurred in Lorain Harbor in Lorain County on July 17, 2020. Mr. Shook and the victim, K.H., spent the evening fishing on a boat on Lake Erie to celebrate K.H.'s recent graduation from the police academy. As the pair returned to shore,

the boat crashed into a breakwall at the northeastern corner of the harbor. Mr. Shook was thrown from the boat and landed on top of the breakwall. He suffered injuries to his face but was conscious when rescuers arrived. K.H. remained in the boat but was unconscious when rescuers arrived. He suffered severe injuries and later died as a result of those injuries.

{¶4} The case proceeded to a jury trial. At trial, the State presented testimony of several individuals who interacted with Mr. Shook in both the moments and days after the crash. Those individuals testified that Mr. Shook stated he was operating the boat at the time of the crash. Mr. Shook testified as part of his own defense that K.H. was operating the boat at the time of the crash, and that he had lied about operating the boat at the time of the crash to protect K.H. from losing his new job with the Sheriff's office. Mr. Shook also presented evidence in the form of expert testimony to establish that based on where both Mr. Shook and K.H. landed, and the injuries Mr. Shook and K.H. sustained, it was likely that K.H., not Mr. Shook, was operating the boat at the time of the crash. The State presented a rebuttal expert who opined Mr. Shook was operating the boat at the time of the crash.

{¶5} The jury, after hearing the evidence and testimony presented, returned a guilty verdict on the counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a) and reckless operation of a vessel in violation of R.C. 1547.07(A). The jury found Mr. Shook not guilty of the counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(b) and operating a vessel or device under the influence of alcohol or prohibited drugs in violation of R.C. 1547.11(A)(1).

{¶6} Before sentencing, the trial court merged the conviction for reckless operation of a vessel with the conviction for aggravated vehicular homicide. Mr. Shook was sentenced to 48 months in prison on the aggravated vehicular homicide conviction.

**{¶7}** Mr. Shook timely appealed, assigning two errors for our review.

II.

## ASSIGNMENT OF ERROR I

**THE VERDICT IN THIS CASE IS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.**

**{¶8}** In his first assignment of error, Mr. Shook argues his conviction is based on insufficient evidence because the State failed to prove that he was operating the boat. Specifically, Mr. Shook argues the State failed to present sufficient evidence he was operating a vessel pursuant to R.C. 1547.07(A). For the reasons that follow, we disagree.

**{¶9}** "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

**{¶10}** Pursuant to R.C. 2903.06(A)(2)(a):

No person, while operating or participating in the operation of a * * * watercraft, * * * * shall cause the death of another * * * recklessly[.]

Thus, the State was required to prove the following elements to convict Mr. Shook of aggravated vehicular homicide: (1) the defendant operated or participated in the operation of a watercraft; (2) in a reckless fashion; (3) which caused the death of another. *See State v. Waldock*, 3d Dist. Seneca No. 13-14-22, 2015-Ohio-1079, ¶ 71. Mr. Shook's sufficiency argument challenges only the first element, that the State failed to establish he was operating the boat at the time of the crash.

{¶11}  The State presented evidence that on the night of the crash,  Mr. Shook told two United States Coast Guard officers responding to the scene that he was operating the boat.  Petty Officer David Leon testified that when he asked Mr. Shook K.H.'s name, Mr. Shook volunteered that he, not K.H., had been operating the boat.  Petty Officer Scott Sjostrom testified Mr. Shook said over and over again, "I was only going 30 when I hit it. I was only going 30 when I hit.  I didn't see the [breakwall] light.  I didn't see the light."

{¶12}  Ohio Department of Natural Resources Officer Richard McCullough testified he spoke with Mr. Shook on the evening of the crash while Mr. Shook was in the hospital.  Officer McCullough testified he "asked Mr. Shook who was operating when [Mr. Shook and K.H.] came in.  He told me that he was operating [the boat] when they came in, but at the time of the crash, that he was taking a rod holder down, and so nobody was operating at the time, but that [Mr. Shook] took them in."

{¶13}  Ohio Department of Natural Resources Officer Jason Albanese interviewed Mr. Shook the day after the crash.  Officer Albanese testified Mr. Shook told him he was driving the boat, kneeling on the seat of the boat when the crash happened.  Mr. Shook told Officer Albanese "he had told [K.H.] that - - go ahead and drink as much as you want, I will be driving, you don't have to worry about getting in trouble."  In the moments leading up to the crash, Mr. Shook told Officer Albanese that "when [Mr. Shook] looked back up, he said the breakwall was right in front

of him, and he tried to swerve, but they hit it." Further, Officer Albanese testified that he found the account that Mr. Shook told him that day to be credible: "Everything looked – sounded truthful to me. There wasn't any deception that I detected from his story he was telling me, so I had no reason to doubt him."

{¶14} Viewing this evidence in a light most favorable to the State, this Court determines the jury could reasonably conclude beyond a reasonable doubt that Mr. Shook was operating or participating in the operation of the boat on the evening of the crash. As such, Mr. Shook's conviction for aggravated vehicular homicide is based upon sufficient evidence.

{¶15} With respect to Mr. Shook's argument that the State failed to establish "operation" within the meaning of R.C. 1547.07(A), the Ohio Supreme Court has concluded that, even if there is insufficient evidence to support one count, where that count has been merged with another count, the error in rendering a verdict on that count is "harmless beyond a reasonable doubt." *State v. Powell*, 49 Ohio St.3d 255, 263 (1990) (superseded by constitutional amendment on other grounds). Here, the jury convicted Mr. Shook of one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(2), and one count of reckless operation of a vessel, in violation of R.C. 1547.07(A). The trial court merged the counts, and the State elected to have Mr. Shook sentenced on the aggravated vehicular homicide count. Mr. Shook did not receive a sentence for his conviction for reckless operation of a vessel. Even if this Court were to conclude the evidence was somehow insufficient as to the reckless operation count, the evidence was clearly sufficient to sustain the aggravated vehicular homicide count. Accordingly, because Mr. Shook received only one sentence for aggravated vehicular homicide, an erroneous verdict on the reckless operation count would be "harmless beyond a reasonable doubt." *Powell* at 263. Thus, a finding of error could not affect Mr. Shook's sentence. *See Powell*, *supra*.

6

**{¶16}** Mr. Shook's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

**THE CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND OF THE OHIO CONSTITUTION.**

**{¶17}** In his second assignment of error, Mr. Shook argues his convictions were against the manifest weight of the evidence. For the reasons that follow, we disagree.

**{¶18}** As this Court has previously stated:

[i]n determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins*, 78 Ohio St.3d at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

**{¶19}** Moreover, an appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340. "[W]e are mindful that the [trier of fact] is free to believe all, part, or none of the testimony of each witness." (Internal quotations and citations omitted.) *State v. Gannon*, 9th Dist. Medina No. 19CA0053-M, 2020-Ohio-3075, ¶ 20. "This Court will not overturn a conviction on a manifest weight challenge only because the [trier of fact] found the testimony of certain witnesses to be credible." *Id*.

{¶20}   Here, Mr. Shook argues the State "failed to meet its burden of persuasion that Mr. Shook was the driver of the vessel on [the] night that [K.H.] died."   Mr. Shook points to the evidence presented by his expert witnesses, Dr. Wendy Sanders, Ph.D., and Karla Petroskey, both employees of the engineering consulting firm Explico. Dr. Sanders, an accident reconstructionist specializing in occupant kinematics, opined that "based on the rest positions of the occupants, that it was more likely that [K.H.] was the operator of the vessel at the time of the collision."   Ms. Petroskey, an accident reconstructionist specializing in biomechanics, opined that "Mr. Shook's injuries and final rest position [on the breakwall] are not consistent [with] him having been operating the vessel at the time of the collision[,]" and that "[K.H.]'s injuries and final rest position are consistent with him having been the operator of the vessel at the time of the collision."

{¶21}   The State presented its own expert testimony from James Crawford, a certified accident reconstructionist, who opined that Mr. Shook was in the position to operate the vehicle at the time of the crash:

> [M]y conclusion is that Mr. Shook was kneeling at the operator's position on the right-hand side of that seat pad, with the seat back folded forward, which provided a ramp for him to be ejected up onto the - - to the sea wall.

Additionally, the State presented multiple witnesses that testified Mr. Shook told them he was operating the boat at the time of the crash.

{¶22}   Based upon the foregoing, this is not an exceptional case that warrants reversal. The jury, as factfinder, determined the credibility of the witness' testimony and evidence in reaching its verdict. Therefore, this is not the exceptional case in which the jury clearly lost its way and created such a manifest miscarriage of justice to warrant that Mr. Shook's convictions must be reversed and a new trial ordered.

{¶23}   Mr. Shook's second assignment of error is overruled.

## III.

**{¶24}** Mr. Shook's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, J.
CONCURS.

9

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶25} I respectfully concur in judgment only because I do not think that *State v. Powell*, 49 Ohio St.3d 255 (1990), applies here as the State was still required to prove that Shook was operating the boat. I would address operation, find Shook was in fact operating the boat based on his own admission to police, and affirm.

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and MARK ANTHONY KOZA, Assistant Prosecuting Attorney, for Appellee.