[Cite as *State v. Harrington*, 2024-Ohio-5860.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No. 23CA012039 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| EDWARD HARRINGTON | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 19CR101789 |

DECISION AND JOURNAL ENTRY

Dated: December 16, 2024

SUTTON, Judge.

**{¶1}** Defendant-Appellant Edward Harrington appeals the judgment of the Lorain County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

**{¶2}** The Lorain County Grand Jury indicted Mr. Harrington on eleven counts of sexually related offenses pertaining to two minor victims, S.K. and T.T. Mr. Harrington pleaded not guilty and the matter proceeded to a jury trial. The jury returned a verdict of guilty on two counts of unlawful sexual conduct with a minor, relating to S.K. The jury found Mr. Harrington not guilty on the remaining nine counts. The trial court sentenced Mr. Harrington to four-year prison terms on each count to run consecutively, for an aggregate eight-year prison sentence. Mr. Harrington was also classified as a Tier II sex offender.

**{¶3}** Mr. Harrington appeals raising two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE VERDICT IN THIS CASE IS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO. THE TRIAL COURT ERRED IN CONVICTING MR. HARRINGTON OF ALLEGED OFFENSES THAT WERE COMMITTED OUTSIDE THE COUNTY WHERE THE TRIAL WAS HELD.**

**{¶4}** In his first assignment of error, Mr. Harrington argues his convictions for unlawful sexual conduct with a minor are not supported by sufficient evidence because the State failed to prove venue beyond a reasonable doubt.

**{¶5}** "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 2009-Ohio-6955, ¶ 18 (9th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *See State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

**{¶6}** "Venue is proper in any county where the offense, or any element of the offense, was committed." *State v. Patterson*, 2017-Ohio-8196, ¶ 17 (9th Dist.), citing R.C. 2901.12(A). "Although it is not a material fact of the offense charged, venue is a fact which must be proved in

a criminal prosecution [beyond a reasonable doubt] unless it is waived by the defendant." *State v. Headley*, 6 Ohio St.3d 475, 477 (1983), citing *State v. Draggo*, 65 Ohio St.2d 88, 90 (1981). In *State v. Smith*, 2024-Ohio-5030 at ¶ 2, the Supreme Court of Ohio recently reiterated, "[w]e have long held that although venue must be proved beyond a reasonable doubt, venue 'need not be proved in express terms so long as it is established by all the facts and circumstances in the case.'" *State v. Headley*, 6 Ohio St.3d 475, 477 (1983), citing *State v. Dickerson*, 77 Ohio St. 34 (1907), paragraph one of the syllabus. In so doing, the *Smith* Court indicated, "[t]he State presented sufficient circumstantial evidence in this case to establish that the charged offenses occurred in Hamilton County, and the First District Court of Appeals erred when it held otherwise based on a flawed view that direct evidence was required to prove venue." *Smith* at ¶ 2.

**{¶7}** A review of this record shows that although Mr. Harrington made a Crim.R. 29 motion for acquittal, and also objected to a jury instruction regarding course of conduct in multiple jurisdictions, he did not specifically object to venue in his Crim.R. 29 motion or otherwise. Therefore, Mr. Harrington has forfeited all but plain error. *See State v. Patterson*, 2017-Ohio-8196, ¶ 16 (9th Dist.); *see also State v. Price*, 2015-Ohio-1199, ¶ 37 (7th Dist.) and *State v. Lamb*, 2013-Ohio-5683, ¶ 17-18 (7th Dist.) (collecting cases finding that a general Crim.R. 29 motion did not preserve the venue issue where no specific objection to venue was made.) Plain error may only be invoked where the following three elements exist:

> First, there must be an error, i.e., a deviation from the legal rule. . . . Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. . . . Third, the error must have affected "substantial rights" . . . [and] affected the outcome of the trial.

(Internal citations omitted.) *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). Plain error "is to be taken with the utmost caution, under exceptional circumstances[,] and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶8} Here, Mr. Harrington has not argued plain error on appeal. As such, this Court will not develop a plain error argument on Mr. Harrington's behalf. *See State v. Varouh*, 2020-Ohio-528, ¶ 13 (9th Dist.).

{¶9} Accordingly, Mr. Harrington's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND OF THE OHIO CONSTITUTION.**

{¶10} In his second assignment of error, Mr. Harrington argues his convictions are against the manifest weight of the evidence because "S.K.'s testimony was not credible." Specifically, Mr. Harrington argues S.K. admitted she lied to a detective, S.K. lied to her mother about her whereabouts, and S.K. did not send the video proof she claimed to have to the detective. Further, Mr. Harrington questions the reliability of the State's investigation because the detective did not subpoena S.K.'s phone to "corroborate her story," and "was not aware of the jurisdictional limitations of his investigation."

{¶11} This Court has previously stated:

[i]n determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the

conflicting testimony." *Thompkins*, 78 Ohio St.3d at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

{¶12} An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340. "[W]e are mindful that the '[trier of fact] is free to believe all, part, or none of the testimony of each witness.'" (Internal quotations and citations omitted.) *State v. Gannon*, 2020-Ohio-3075, ¶ 20 (9th Dist.). "This Court will not overturn a conviction on a manifest weight challenge only because the [trier of fact] found the testimony of certain witnesses to be credible." *Id.*

{¶13} Although this Court must consider the credibility of witnesses as part of our manifest weight review, we are mindful of the well-established principle that a trier of fact enjoys the best position to assess the credibility of witnesses. *See State v. Rivera*, 2019-Ohio-62, ¶ 39 (9th Dist.). Here, as indicated above, the jury was free to believe all, part, or none of S.K.'s testimony. The jury heard S.K. testify on direct examination, and then heard Mr. Harrington's counsel cross-examine S.K. regarding any inconsistencies between her testimony at trial and what she previously told the detective approximately four years prior to trial. Further, the jury heard detailed testimony from Detective Jason Orellano of the Lorain Police Department regarding how he conducted the investigation into S.K. and T.T.'s allegations against Mr. Harrington. The jury also heard Detective Orellano being cross-examined by Mr. Harrington's counsel on the alleged deficits of the investigation. Indeed, "[t]here is nothing in the law that requires that a sexual assault victim's testimony be corroborated as a condition precedent to conviction." *State v. West*, 2006-Ohio-6259, ¶ 16 (10th Dist.).

{¶14} Given the record in this case, this Court cannot conclude that this is the exceptional case in which the evidence weighs heavily against the convictions.

**{¶15}** Accordingly, Mr. Harrington's second assignment of error is overruled.

III.

**{¶16}** For the foregoing reasons, Mr. Harrington's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.