[Cite as *State v. Robinson*, 2025-Ohio-447.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     31127 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRISTOPHER ROBINSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 23 11 3830 |

## DECISION AND JOURNAL ENTRY

Dated: February 12, 2025

SUTTON, Judge.

**{¶1}** Defendant-Appellant Christopher Robinson appeals the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

**{¶2}** The Summit County Grand Jury indicted Mr. Robinson on five counts in connection with a November 4, 2023 shooting incident: (1) having weapons while under disability, in violation of R.C. 2923.13(A)(3) and R.C. 2923.13(B), a felony of the third degree, together with a forfeiture specification pursuant to R.C. 2941.1417(A); (2) discharge of a firearm on or near prohibited premises, in violation of R.C. 2923.162(A)(3) and R.C. 2923.162(C)(2), a felony of the third degree, together with a three-year firearm specification pursuant to R.C. 2941.145(A); (3) tampering with evidence, in violation of R.C. 2921.12(A)(1) and R.C. 2921.12(B), a felony of the third degree; (4) improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(A)

and R.C. 2923.16(I), a felony of the third degree; and (5) failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B) and R.C. 2921.331(C)(3), a misdemeanor of the first degree.

{¶3} The case proceeded to a jury trial. The jury found Mr. Robinson guilty of Counts 1 through 4 and the specifications attached to Counts 1 and 2, and not guilty of Count 5. The trial court sentenced Mr. Robinson to an aggregate prison term of 5 years, which the trial court ordered to be served consecutive to the sentence imposed in a separate case, for a total prison term of 6 years.

{¶4} Mr. Robinson appeals, raising two assignments of error for our review. To facilitate our analysis, we will address these assignments of error out of order.

II.

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT THE CHARGE LEVIED AGAINST [MR. ROBINSON] IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14 TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.**

{¶5} In his second assignment of error, Mr. Robinson challenges the sufficiency of the evidence only on Count 2: discharge of firearm on or near prohibited premises. Specifically, he argues there was insufficient evidence to support his conviction for discharge of a firearm on a public road that created a substantial risk of physical harm to any person. *See* R.C. 2923.162(C)(2).

{¶6} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 2009-Ohio-6955, ¶ 18 (9th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins*

at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶7} R.C. 2923.162(A)(3) provides: "[n]o person shall do any of the following: . . . [d]ischarge a firearm upon or over a public road or highway." R.C. 2923.162(C)(2) provides if the discharge of the firearm over a public road or highway created a "substantial risk of physical harm to any person[,]" the offense is a felony of the third degree. "Substantial risk" means a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist. R.C. 2901.01(A)(8). "Physical harm to persons" means any injury, illness, or other physiological impairment, regardless of its gravity or duration. R.C. 2901.01(A)(3).

{¶8} The issue in this assignment of error is whether Mr. Robinson's admission regarding firing a gun out of the window of his vehicle, together with A.M.'s 911 call reporting Mr. Robinson was shooting at her vehicle and A.M.'s testimony she heard multiple gunshots while Mr. Robinson was chasing her in his vehicle after a jealous encounter, along with a bullet casing on the floor of Mr. Robinson's vehicle matching the gun Mr. Robinson shot, constitutes sufficient evidence that Mr. Robinson created a substantial risk of physical harm to any person.

{¶9} Here, the following testimony and evidence was presented at trial. On the date in question, Mr. Robinson sent A.M. a series of text messages in which he displayed anger and jealousy. These texts included "I'm bout to pull up we go finish this thing today I'm done playing".

Mr. Robinson eventually confronted A.M. at the home of a friend of A.M. Mr. Robinson pulled in the driveway, got out of his vehicle and approached A.M.'s vehicle. A.M. locked her doors so Mr. Robinson could not get in, and he banged on the windows of the vehicle. A.M. drove off, but Mr. Robinson followed her in his vehicle, and then cut her off. He walked toward her vehicle with a gun in his hand. A.M. put her vehicle in reverse and backed away. Mr. Robinson got back in his vehicle and began chasing her. A.M. called 911 to report Mr. Robinson was shooting at her. Mr. Robinson was driving at a high rate of speed between 80 and 100 miles per hour. A.M. testified Mr. Robinson shot at her multiple times during the chase. Mr. Robinson initially pulled over for police but then drove away saying he was going to his mother's house. Police located him at his mother's house and found a .45 caliber firearm in the road along his "flight path," which was the route starting from when police turned onto the road to stop Mr. Robinson until they located Mr. Robinson at his mother's house. Mr. Robinson admitted he threw the gun out of the window of his vehicle.

{¶10} Mr. Robinson stated to police that due to "road rage," he fired the gun into the air after someone cut him off in traffic. A single .45 caliber shell casing was found on the front passenger floorboard of Mr. Robinson's vehicle matching the gun Mr. Robinson admitted firing.

{¶11} Even assuming Mr. Robinson only fired one shot into the air from his vehicle, such evidence is sufficient to establish he created a substantial risk of physical harm to any person. Bystanders, structures or vehicles that are in the path of the trajectory of a bullet could very well be struck by the bullet and cause persons to sustain physical harm. A police officer at Mr. Robinson's trial testified "frequently, in [his] experience, . . . individuals who shoot out of the windows . . . inadvertently hit houses based off of the trajectory from a vehicle window up into the air."

{¶12} In addition to injury by a bullet, driving a car at high speeds while shooting a gun, even once, could cause a car crash and result in physical harm to persons. Mr. Robinson's actions do not demonstrate a remote or significant possibility of physical harm to any person. Instead, they demonstrate a strong possibility of physical harm to any person.

{¶13} Moreover, the State presented additional evidence demonstrating Mr. Robinson did not fire the gun just once into the air, but rather he fired multiple times at A.M.'s vehicle. Mr. Robinson stated a bullet casing discharged from the gun hit him in the chest before landing on the floor of his vehicle. According to Officer Cory Siegferth of the Akron Police Department, however, the bullet casing could have hit Mr. Robinson in the chest if he had his arm out the window while pointing across a level plane, not up in the air. Mr. Robinson was angry at A.M. and jealous about her relationship with another man. He confronted her with a gun and chased her in his vehicle at a high rate of speed while shooting the gun. A.M., who carries a gun herself in her job as a security guard and who is familiar with how gunshots sound, heard multiple shots while she was being chased by Mr. Robinson. Before he was arrested, Mr. Robinson tried to get rid of the gun by throwing it out of his car window.

{¶14} In viewing this evidence in the light most favorable to the State, a rational trier of fact could reasonably conclude Mr. Robinson created a substantial risk of physical harm to any person by firing his gun on a public road.

{¶15} Accordingly, Mr. Robinson's second assignment of error is overruled.

### ASSIGNMENT OF ERROR I

**MR. ROBINSON'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE [] IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.**

**{¶16}** In his first assignment of error, Mr. Robinson argues his conviction for discharge of a firearm on or near prohibited premises that created a substantial risk of physical harm to any person was against the manifest weight of the evidence.

**{¶17}** This Court has previously stated:

> [i]n determining whether a criminal conviction is against the manifest weight of the evidence an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *Thompkins*, 78 Ohio St.3d at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

**{¶18}** An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340. "[W]e are mindful that the [trier of fact] is free to believe all, part, or none of the testimony of each witness." (Internal quotations and citations omitted.) *State v. Gannon*, 2020-Ohio-3075, ¶ 20 (9th Dist.). "This Court will not overturn a conviction on a manifest weight challenge only because the [trier of fact] found the testimony of certain witnesses to be credible." *Id*.

> In his brief, Mr. Robinson argued:

> [T]he investigating officers did not hear any gunshots or find any evidence of shots being fired. The 911 call recording contradicts [A.M.]'s testimony. There was no evidence that any house or anything at all was hit by a bullet. No calls were received from anyone else either regarding any gunfire. No shell casings were found along the route. There was no evidence of any property damage caused by gunfire along the route either.

(Citations to transcript omitted.) Further, in his brief, Mr. Robinson stated, "the parties do not dispute that [Mr.] Robinson fired a gun on a public highway[.]" Mr. Robinson also admitted "to firing one shot up into the air." Mr. Robinson, however, argues "[t]he record in this matter clearly does not support a conviction for the enhanced offense" because in firing the gun in the air, he did not create a substantial risk of physical harm to any person.

{¶19} This Court has reviewed the record and cannot say the jury clearly lost its way and created such a manifest miscarriage of justice that Mr. Robinson's conviction must be reversed and a new trial ordered. A.M.'s testimony was largely consistent with her 911 call. A.M. could be heard on the 911 call reporting Mr. Robinson was chasing her and stating multiple times Mr. Robinson was shooting at her. She testified at trial that during the chase she did not actually look back and see him shooting because she was driving, but she heard the shots and prior to the car chase, Mr. Robinson had confronted her with a gun after sending her a series of angry and jealous text messages. One shell casing matching the gun Mr. Robinson admitted to shooting was located in Mr. Robinson's vehicle. The fact that additional casings were not located was not unusual, because, according to Officer Siegferth, in a "vast majority" of cases, "all shell casings are not recovered" due to their small size and they "blend in very well with leaves, grass, debris in the road; rocks." Sometime after he shot the gun and before he was arrested, Mr. Robinson threw the gun out of his car window onto the roadway. Based upon this evidence, we conclude this is not the exceptional case calling for reversal on manifest weight grounds.

{¶20} Accordingly, Mr. Robinson's first assignment of error is overruled.

III.

{¶21} For the forgoing reasons, Mr. Robinson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, P. J.
CARR, J.
CONCUR.


APPEARANCES:

JAMES K. REED, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.